# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID H. HUMPHREY,**

    **Petitioner,**

**v.**                                    **CIVIL ACTION NO. 2:08 CV 99**
                                          **CRIMINAL ACTION NO. 2:04 CR 25**
                                                        **(Maxwell)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## ORDER

On September 24, 2008, Petitioner David H. Humphrey, who was, at that time[1], proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. An Attachment to the petitioner's § 2255 Motion was filed on September 25, 2008. This case was referred to United States Magistrate Judge David J. Joel for preliminary review and report and recommendation in accordance with Rules 83.01, *et seq.*, of the Local Rules of Prisoner Litigation Procedure and Standing Order No. 4.

By Order entered May 12, 2009, Magistrate Judge Joel indicated that his preliminary review of the petitioner's § 2255 Motion had revealed that summary dismissal of the same was not appropriate. Accordingly, Magistrate Judge Joel's May 12, 2009, Order directed the respondent to file an answer to the petitioner's § 2255 Motion within thirty days from the

---

[1] By Order entered October 2, 2008 [Doc. 61], the Court granted a July 21, 2008, Motion for Appointment of Counsel for the Purpose of Handling His Petition Pursuant to 28 U.S.C. 2255 [Doc. 56].

date of entry thereof.

Thereafter, by Order entered September 21, 2009, Magistrate Judge Joel granted the respondent an extension of time in which to file an answer to the petitioner's § 2255 Motion. The United States' Answer to 2255 Petition was filed on August 10, 2009. The Petitioner's Reply, Under Seal, to United States' Answer to 2255 Petition was filed on September 14, 2009.

On August 11, 2010, Magistrate Judge Joel issued a Report and Recommendation ("R&R") wherein he recommended that Grounds One, Two and Three of the petitioner's § 2255 Motion be denied and dismissed with prejudice and that the petitioner's civil rights claim, as set forth in Ground Four of his § 2255 Motion be dismissed without prejudice to his right to re-file it in a ***Bivens*** action.

Specifically, with regard to the claim made by the petitioner in Ground One of his § 2255 Motion, namely, that his plea was not knowing, intelligent and voluntary because at the time that he executed his plea agreement he anticipated receiving a sentence of approximately 37 months, Magistrate Judge Joel found that said claim had no merit and should be denied, in light of the fact that the petitioner's plea was obtained in a properly conducted Rule 11 hearing and was knowing, intelligent and voluntary.

In Ground Two of his § 2255 Motion, the petitioner alleged that members of law enforcement, including members of the West Virginia State Police, knowingly suppressed material, relevant exculpatory evidence which would have lent support to his claims of diminished criminal responsibility; malicious, selective or vindictive prosecution; and a general bias toward him on the part of local law enforcement. With regard to Ground Two,

Magistrate Judge Joel found that there was no intentional redaction of exculpatory evidence and that there was no *Brady v. Maryland* violation.

Magistrate Judge Joel further found that the claims made by the petitioner in Ground Three of his § 2255 Motion, namely that his conviction was obtained in violation of his Second Amendment right to bear firearms for hunting and protection while living alone in an isolated rural area and that he did not realize he could not possess firearms, were procedurally barred because he could have raised them on appeal but did not do so and that the petitioner had failed to assert any "cause" to explain his failure to raise these issues on direct appeal and had failed to demonstrate actual prejudice from these alleged errors.

With regard to the claim alleged in Count Four of the petitioner's § 2255 Motion, namely, that the petitioner's 91-month sentence violated the Eight Amendment's prohibition against cruel and unusual punishment because the petitioner is mentally ill and has not received the intensive mental health treatment expressly recommended by this Court's Judgment and Commitment Order, Magistrate Judge Joel found that this claim was not cognizable in a § 2255 motion since it did not challenge the legality of the petitioner's custody, but rather the conditions of his confinement. Finally, Magistrate Judge Joel's August 11, 2010 R&R recommended that the petitioner's Request for Evidentiary Hearing be denied as moot.

In his Report and Recommendation, Magistrate Judge Joel provided the parties with fourteen (14) days from the date they were served with a copy of the R&R in which to file objections thereto and advised the parties that a failure to timely file objections would result

in the waiver of their right to appeal from a judgment of this Court based upon the R&R.

The Court's review of the docket in the above-styled *habeas corpus* action reveals that Petitioner's Objections to Report and Recommendation were filed on August 30, 2010. The petitioner objects only to Magistrate Judge Joel's recommendation that Ground One of his § 2255 Motion be denied and dismissed with prejudice. Specifically, the petitioner objects to the Magistrate Judge's determination that the petitioner's plea was knowing, intelligent and voluntary. In this regard, the petitioner reasserts the arguments that he made in his § 2255 Motion and the Attachment thereto, namely, that, at the time he entered his plea, there was no way he could have foreseen the imposition of a 91-month sentence, which sentence was based, essentially, upon information the Court obtained from a Court-ordered psychiatric evaluation which took place after the Rule 11 hearing. Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the Magistrate Judge's findings to which objection is made. The Court is not, however, required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the findings or recommendation to which no objections are made. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). The Court has conducted a *de novo* review only as to the portions of the R&R to which the petitioner objected. The remaining portions of the Report and Recommendation to which the petitioner has not objected have been reviewed for clear error.

Based upon its review, this Court is of the opinion that Magistrate Judge Joel's R&R accurately reflects the law applicable in this case. Further, upon consideration of the petitioner's Objections to Magistrate Report and Recommendation, it appears to the Court

4

that the petitioner has not raised any issues that were not thoroughly considered by Magistrate Judge Joel in his R&R.  As Magistrate Judge Joel found in his R&R, during the change of plea hearing, the petitioner was fully apprised that he could be sentenced to any term of imprisonment up to the statutory maximum.  Additionally, as noted by Magistrate Judge Joel, the petitioner's claim that his plea was not knowing, intelligent and voluntary is procedurally defaulted since the petitioner could have, but did not, raise it on appeal and has not shown cause for the failure to do so.  Accordingly, it is

**ORDERED** that the Report and Recommendation entered by United States Magistrate Judge Joel in the above-styled *habeas corpus* action on August 11, 2010 (Doc. 79), be, and the same is hereby, **ADOPTED**.  It is further

**ORDERED** that Grounds One, Two and Three of the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 57 in 2:04 CR 25 and Doc. 1 in 2:08 CV 99) be, and the same are hereby, **DENIED** and **DISMISSED WITH PREJUDICE**.  It is further

**ORDERED** that the petitioner's civil rights claim, as set forth in Ground Four of the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 57 in 2:04 CR 25 and Doc. 1 in 2:08 CV 99), be, and the same is hereby, **DISMISSED WITHOUT PREJUDICE** to the petitioner's right to re-file said claim in a *Bivens* action.  It is further

**ORDERED** that the petitioner's Request for Evidentiary Hearing (set forth in Petitioner's Reply, Under Seal, to United States' Answer to 2255 Petition (Doc. 73) be, and the same is hereby, **DENIED as moot**.  It is further

**ORDERED** that the above-styled *habeas corpus* action be, and the same is hereby, **DISMISSED with prejudice** and **STRICKEN** from the docket of the Court. It is further

**ORDERED** that, should the petitioner desire to appeal the decision of this Court, written notice of appeal must be received by the Clerk of this Court within sixty (60) days from the date of the entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the petitioner may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit. It is further

**ORDERED** that, pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability, as the petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); ***Miller-El v. Cockrell***, 537 U.S. 322, 336-38 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong (*citing* ***Slack v. McDaniel***, 529 U.S. 473, 484 (2000)).

The Clerk of Court is directed to transmit copies of this Order to the counsel of record herein.

**DATED**: November 10, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE